IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>$397,025 in U.S. Currency,<br><br>　　　　　　Defendant in Rem. | No. 3:22-CV-1088 |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $397,025 in U.S. currency ("Defendant Property"):

## NATURE OF THE ACTION

1. This is a forfeiture action under 21 U.S.C. § 881(a)(6). The United States seeks the forfeiture of the Defendant Property because it is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and in rem jurisdiction is proper under 28 U.S.C. § 1355(b).

3. Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4. The Plaintiff is the United States of America.

5. The Defendant Property is $397,025 in U.S. currency.

6. The Defendant Property was seized at the residence of Beau Ryan Arceneaux and Wayne Thomas Arceneaux located at 1415 Shores Blvd, Rockwall, Texas, on December 6, 2021, from a safe in the residence belonging to Beau Ryan Arceneaux. The Defendant Property is currently in the custody and control of the United States Marshals Service in the Northern District of Texas. Beau Ryan Arceneaux, represented by John Cook, filed a claim to $70,000 of the Defendant Property in the Drug Enforcement Administration's administrative forfeiture proceeding against the Defendant Property. Wayne Arceneaux, represented by John Cook, filed a claim to $60,000 of the Defendant Property in the Drug Enforcement Administration's administrative forfeiture proceeding against the Defendant Property.

7. Beau Ryan Arceneaux ("Beau") was born in 1989.

8. Wayne Thomas Arceneaux ("Wayne") was born in 1954.

## FACTS

1. The Controlled Substances Act ("CSA") places all substances which are in some manner regulated under federal law into one of five schedules. This placement is based upon the substances' medical use, potential for abuse, and safety or dependence liability. Drugs on Schedules I and II of the CSA have a high potential for abuse.

2. Schedule I controlled substances include marijuana, and its main psychoactive compound, tetrahydrocannabinol ("THC").

3. In the United States, only those authorized by the DEA can distribute controlled substances. The DEA has not authorized Beau or Wayne to distribute any controlled substances.

4. On November 3, 2021, a confidential source (CS) reported to Rockwall Police Department authorities that Beau was a high-level distributer of marijuana in Rockwall, Texas. The CS said that Beau was involved in selling multiple pounds of marijuana at a time and distributing marijuana and THC products across state lines including purchases in Colorado transported back to his residence. The CS said that Beau lived at 1415 Shores Blvd., Rockwall, Texas ("Rockwall Home"). A records check confirmed this address as one associated with Beau. Wayne is the record owner of the Rockwall Home.

5. On November 8, 2021, while searching trash from a trash bin for the Rockwall Home, Rockwall Police Department officers found mail for both Beau and Wayne. In addition, officers found the tops of four heat sealed bags that smelled of

marijuana. Based on training and experience, the officers know that narcotic traffickers sometimes package marijuana in heat-sealed bags, typically a pound per bag, to prevent odor detection of the narcotics by law enforcement.

6. On November 11, 2021, while searching trash from a trash bin for the Rockwall Home, Rockwall Police Department officers found four more tops from heat-sealed bags that smelled of marijuana. Officers also found three Ziploc bags that smelled of marijuana and were labelled with marijuana strains including "Sumo Skunk 20g," "Gelato Cake 10.8g," and "BP 2g" (believed to be an abbreviation for Banana Punch).

7. On December 3, 2021, Judge Brett Hall of the 382nd Judicial District Court in Rockwall County, Texas authorized a search warrant for law enforcement officers to search the Rockwall Home. The authorization was based on probable cause to believe that contraband and proceeds from and instrumentalities and means for committing violations of the Texas Health and Safety Code including illegal distribution of marijuana.

8. On December 6, 2021, Rockwall Police Department detectives, officers, and SWAT personnel executed the search warrant at the Rockwall Home.

9. Inside Beau's bedroom concealed in multiple ottomans, officers found 20 heat-sealed bags contained approximately sixteen pounds of a substance that officers recognized by sight and smell in their training and experience as marijuana. A lab analysis of a sampling of the substance found in ten of the twenty heat-sealed bags confirmed it as marijuana. Beau later admitted that these bags contained marijuana.



10. Also, in Beau's bedroom, officers found a gun safe. Officers asked Beau for the combination, but Beau said he did not know it, but his dad, Wayne did. Wayne said he did not have or know the combination to the safe. The officers told Beau that the search warrant included the safe and Beau eventually gave the officers the combination.



11. On the bottom shelf of the safe, officers found many rubber-banded bundles of U.S. currency. A later count of the currency totaled $397,025 (the Defendant Property) and included the following denominations: $100 x 328; $50 x 104; $20 x 17950; $10 x 2; and $5 x 1.

12. Also, inside the safe, officers found a small amount of a brown waxy substance and a small mason jar with a honey-like substance. Both tested positive for THC. A lab analysis of the brown waxy substance (9.33 grams) and the substance in the jar (net weight of approximately 193.57 grams) identified these substances as THC.

13. On top of the safe, officers located a black Ruger 9mm with serial number 330-71112 with a loaded magazine. This firearm was reported stolen in Richardson, Texas.

14. While searching in Beau's bedroom and in the living room, officers found documents that appeared to be ledgers for an illegal narcotics business.

    a. Some of the ledgers listed marijuana strains such as "Tangerine Kush," "Tangerine Haze," and "Biscotti," product weights in pounds and grams, dollar amounts of expenses, dollar amounts and weights of product sold, and potential profit amounts.

    b. Many of the ledger pages included a line-item amount for "ottomans."

    c. Some of the ledgers were written on letterhead labeled with "From the desk of: Wayne T. Arceneaux."

      d. Some of the ledgers noted a price for "trim." Trim is leaves that are intentionally pruned from a marijuana plant during harvest and that is used to make marijuana products or re-used in the marijuana cultivation process.

15. In Beau's bedroom, Detective Goff found a Samsung Note 3 cell phone ("Note 3 Phone") laying on the bed, which he seized.

16. On Beau's person, officers found a Samsung Note 9 cell phone ("Note 9 Phone"), which they seized.

17. In the kitchen, officers found butane hash oil, commonly known as "dab." Near the dab, officers found devices that could be used to smoke the dab along with jars that had what appeared to be marijuana residue. Beau told the officers that he did not make the hash oil himself, but he bought it.

18. In the kitchen refrigerator, officers found a plastic container containing 19 folded papers that each had a layer of a waxy substance that tested positive for THC. A lab analysis of the substance on eight of the folded papers confirmed it as THC.

19. The THC products found at the residence weighed approximately 993 grams.

20. In a bedroom, officers found a large black tub with a yellow lid that contained a green leafy substance that the officers recognized by sight and smell as marijuana. Some zip-loc baggies were also in the container.

21. After the search warrant execution, officers transported Beau to the Rockwall Police Department. During an interview at the police department, Beau admitted to engaging in the illegal distribution of narcotics including the following:

    a. He purchased about 50 pounds of marijuana monthly to bi-monthly depending on how much he sold.

    b. He paid more than $1000 per pound of marijuana because he bought "triple A quality." He paid about "$16 to $17" per pound meaning $1600 to $1700.

    c. He stored marijuana at the Rockwall Home.

    d. He identified a contact in his phone who has a marijuana grow in Oklahoma from whom he has bought marijuana the last four years. That contact or a driver for that contact brought the marijuana (fifty pounds) directly to his house.

    e. He had close to $400,000 in the house. He said that he had been trying to get out of selling marijuana but being a convicted felon made it hard. When asked how he had made $400,000 off weed, Beau explained that weed was very profitable, and you could "pull $600 to $800 per pound." Officer understood this to mean that Beau was profiting about $600 to $800 from each pound of marijuana.

  f. The last time he had a delivery of marijuana to the house was three to four weeks prior to the search warrant execution. What the officers found at his house was what he had left.

  g. He would not transport or carry the marijuana himself. He does travel to approve the quality of the product he is buying.

  h. He purchased distillate THC from Colorado that he then distributed.

  i. He admitted that a prior robbery conviction he has stemmed from a situation where he was trying to front five pounds of marijuana to some individuals who tried to steal it from him. During the incident, he took a firearm belonging to one of the persons he was fronting the marijuana to.

22. On December 8, 2021, Judge Brett Hall authorized the search of the Note 9 Phone, Note 3 Phone, and other devices seized by officers from the Rockwall Home.

23. The Note 9 Phone had numerous photos related to marijuana including photos of an indoor marijuana grow, growing marijuana, and harvested marijuana. One photo shows a hand grasping a marijuana plant. The tattoos on the arm match those officers observed on Beau.



24. A photo on the Note 9 Phone depicts marijuana drying over a light fixture that officers observed in the dining room area of the Rockwall Home. Metadata for the photo shows that it was taken by a Samsung Note 9 on February 4, 2021. Another photo taken that same day depicts Beau's hand showing off a piece of harvested marijuana over a vacuum bag and a countertop that matches a countertop that investigators saw in the Rockwall Home:



Page **10** of 15

25. Multiple photos on the Note 9 Phone depict various plant growth botanicals in a room adjoining what appears to be an indoor garden. For example, one photo depicts "Humboldts Secret Golden Tree," which is an additive designed to increase crop yields. Metadata for the photos show they were taken by a Samsung Note 9 on March 12, 2020.



26. The Note 9 Phone contained numerous shipping labels for packages sent from Colorado to the Rockwall Home.

27. The Note 9 Phone contained photos of ledger pages that appeared like the ledger pages found in the Rockwall Home. Metadata for these photos show that they were taken at least between April 2020 and February 2021.

28. The Texas Workforce Commission (TWC) is a government agency in Texas that provides unemployment benefits. In aid of that mission, Texas requires employers to report wages paid to employees. The TWC has no wage records on file for Beau.

29. On February 14, 2014, Beau was convicted of Robbery, a second-degree felony, in the Wichita Falls 30th District Court in Wichita Falls, Texas for an offense that occurred on May 2, 2013.

30. On March 18, 2019, Beau was convicted of Possession of Marijuana greater than five pounds but less than fifty pounds, a third-degree felony, and Possession of a Controlled Substance in Penalty Group 2 greater than four grams but less than 400 grams, a second-degree felony, in the Montague 97th District Court in Montague, Texas for an offense that occurred on January 4, 2018. These convictions related to a traffic stop of Beau on U.S. 287 in Clay County, Texas where a Texas state trooper detected a strong odor of fresh marijuana coming from the vehicle and found 26 pounds of marijuana, 140 grams of THC infused wax and oil, and 22 Xanax pills.

31. Charges against Beau related to the search of the Rockwall Home are pending in Rockwall County, Texas.

**FIRST CAUSE OF ACTION**
**21 U.S.C. § 881(a)(6)**
**(forfeiture of property related to drug trafficking)**

32. The United States reasserts all allegations previously made.

33. Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 et seq. are subject to forfeiture.

34. Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to

manufacture, distribute, or dispense, a controlled substance." An attempt or conspiracy to do the same is also prohibited by 21 U.S.C. § 846.

35.  As set forth above, the Defendant Property is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.  This property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts that the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(6).

The United States further requests:

    A.    That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(ii), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property.

    B.    That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

    C.    That a Judgment of Forfeiture be decreed against the Defendant Property;

D. That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E. That the United States receives its costs of court and all further relief to which it is entitled.

DATE: May 17, 2022.

                              CHAD E. MEACHAM
                              UNITED STATES ATTORNEY

                              */s/ Travis K. Elder*
                              Travis K. Elder, Utah Bar No. 11987
                              Assistant United States Attorney
                              1100 Commerce Street, Third Floor
                              Dallas, Texas 75242-1699
                              T: 214-659-8600 | F: 214-659-8805
                              travis.elder@usdoj.gov

                              ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA). As a TFO with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this ___16th___ day of May, 2022.

_____
Monique Figueroa, TFO
Drug Enforcement Administration