UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-01088-X |
| | § | |
| $397,025 IN U.S. CURRENCY, | § | |
| | § | |
| *Defendant in rem.* | § | |

## MEMORANDUM OPINION AND ORDER

The United States moves for a default judgment against Beau Ryan Arceneaux, Wayne Thomas Arceneaux, (collectively, "the Arceneauxs") and all other persons and entities. [Doc. No. 18]. For the reasons below, the Court **GRANTS** the motion for default judgment.

### I. Factual Background

Beau Arceneaux is a marijuana dealer who still lives with his father, Wayne Arceneaux.[1] On December 6, 2021, officers searched the Arceneaux residence and discovered over 16 pounds of marijuana and 993 grams of other substances containing tetrahydrocannabinol ("THC"). In a safe in Beau's bedroom, officers found about 200 grams of substances containing THC along with $397,025 in United States currency ("the currency"). When asked how he made almost $400,000 from selling marijuana,

---

[1] Wayne Arceneaux owned the Arceneaux residence, and officers found letterhead in the residence labeled with Wayne's name and containing records of drug deals.

Beau explained that marijuana dealing is quite lucrative, as he could "pull $600 to
$800 per pound."[2]

The United States ("the government") brought this in rem action against the
$397,025, arguing that that money was "forfeitable to the United States under 21
U.S.C. § 881(a)(6)" as a "thing[] of value furnished . . . by any person in exchange for
a controlled substance."[3]  After posting public notice of its complaint, the government
also sent notice of its complaint to the Arceneauxs' attorney.  Although Beau and
Wayne initially filed verified claims for $70,000 and $60,000, both withdrew those
claims.  The government then requested and received a clerk's entry of default
"against Beau Ryan Arceneaux, Wayne Thomas Arceneaux, and all other persons and
entities."[4]

The government now moves for a default judgment.

## II. Legal Standards

When a defendant fails to appear, Federal Rule of Civil Procedure 55(b)(2)
provides that a plaintiff may "apply to the court for a default judgment."  To
determine whether to enter a default judgment, this Court first examines whether a
default judgment is appropriate under the circumstances.[5]  Relevant factors include
(1) whether disputes of material fact exist; (2) whether there has been substantial
prejudice; (3) whether the grounds for default are clearly established; (4) whether a

---

[2] Doc. No. 1 at 8.  The officers "understood this to mean that Beau was profiting about $600 to
$800 from each pound of marijuana" he sold.  *Id.*

[3] Doc. No. 1 at 12–13.

[4] Doc. No. 17.

[5] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

good-faith mistake or excusable neglect caused the default; (5) the harshness of a default judgment; and (6) whether the Court would grant a motion to set aside the default judgment.[6]   Second, the Court appraises whether the plaintiff's pleadings provide a sufficient basis for its claims.[7]

## III. Analysis

Because the government has posted notice of its complaint and no one has filed any pending claims, the Court deems the government's well-pled allegations admitted.[8]   The Court must assess (A) the procedural appropriateness of a default judgment, and (B) the sufficiency of the government's complaint.

### A.  Procedural Appropriateness

At the outset, three potential bars to a default judgment are absent.  First, the government asserts that the Arceneauxs are not juveniles, incompetent, or service members, and this Court has no evidence to the contrary.  Thus, none of those factors bars a default judgment.  Second, because the government moves for a default judgment against all potential claimants, there are no partial default concerns.  Third, this Court need not hold a hearing.  While Rule 55 allows for hearings when a party has not appeared, it does not command them.[9]  The Court will proceed without a hearing.

---

[6] *Id.*

[7] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[8] *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (recognizing that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[9] FED. R. CIV. PROC. 55(b)(2) (stating that a court "may conduct hearings").

Turning to the six relevant factors, the Court finds that (1) there are no material facts in dispute because neither the Arceneauxs nor the other potential claimants filed any pending claims or pleadings; (2) there has not been substantial prejudice; (3) the Arceneauxs' and other potential claimants' failure to participate in this litigation clearly establishes grounds for the default; (4) there is no reason to think the Arceneauxs or other potential claimants are acting under a good-faith mistake or excusable neglect; (5) a default judgment is not harsh because the government properly posted notice of its complaint, the Arceneauxs withdrew their claims, all other potential claimants failed to appear, and all potential claimants are in default, which warrants a default judgment under Rule 55(b)(2); and (6) the pleadings, lack of response, and consequent failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. The Court concludes that a default judgment is appropriate under these circumstances.

## B. Sufficiency of the Government's Complaint

Next, the Court must assess the merits of the government's complaint. Although the Arceneauxs and other potential claimants, by virtue of their default, are deemed to have admitted the government's well-pled allegations, the Court still reviews the complaint to determine whether the government established a viable claim for relief.[10]

The government seeks forfeiture of property related to drug trafficking under 21 U.S.C. § 881(a)(6), which says that "[a]ll moneys . . . furnished . . . in exchange for

---

[10] *See Nishimatsu*, 515 F.2d at 1206.

4

a controlled substance" in violation of specified federal laws are forfeited to the United

States.  To properly seek forfeiture, the government's complaint must

(a)     be verified;

(b)     state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

(c)     describe the property with reasonable particularity;

(d)     if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

(e)     identify the statute under which the forfeiture action is brought; and

(f)     state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.[11]

Here, the complaint (a) is verified by a special agent; (b) properly alleges the grounds

for subject-matter jurisdiction, in rem jurisdiction, and venue; (c) describes the

currency with reasonable particularity; (d) states the original and current locations

of the currency; (e) identifies the statutes under which this forfeiture action is

brought; and (f) sufficiently states detailed facts supporting a reasonable belief that

the government could meet its burden of proof at trial.

On that last factor, at trial, the government would have to show "by a

preponderance of the evidence, that the property is subject to forfeiture."[12]  And

property is subject to forfeiture if it constitutes "moneys . . . furnished . . . in exchange

for a controlled substance" in violation of specified federal laws.[13]  A claimant could

contest forfeiture by demonstrating "an interest in the seized item."[14]  Here, no

---

[11] FED. R. CIV. P. SUPP. R. G(2).

[12] *United States v. Real Prop. Located in Wise Cnty. & More Fully Described in Attachment A*, No. 4:21-CV-01188-O, 2022 WL 2718542, at *5 (N.D. Tex. Apr. 14, 2022) (Ray, M.J.) (cleaned up).

[13] 21 U.S.C. § 881(a)(6).

[14] *United States v. Real Prop. Located & Situated at 404 W. Milton St.*, 650 F. App'x 233, 235 (5th Cir. 2016) (cleaned up).

claimant has demonstrated an interest in the currency.  And the government has provided sufficient evidence that the currency is forfeitable as being money exchanged for a controlled substance.  Marijuana pervaded the Arceneaux residence, and the officers found substances containing THC in the very safe that housed the currency.  Further, when asked how he obtained that much money from marijuana dealing, Beau Arceneaux conceded that marijuana dealing is lucrative.  The government has provided sufficient evidence supporting a reasonable belief that the government could meet its burden of proof at trial.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the government's motion for default judgment against Beau Arceneaux, Wayne Arceneaux, and all other persons or entities with a potential interest in the defendant in rem $397,025 in United States Currency.  The Attorney General, or a designee, is authorized to dispose of the forfeited property in accordance with law.

**IT IS SO ORDERED** this 1st day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE